Demarest v. Ledoux and others.

---

### John M. Demarest *v.* Amaron Ledoux and others.

Defendants offered to file a supplemental answer, to which was annexed an affidavit of one of them, detailing the circumstances of a transaction relative to which they desired to interrogate the plaintiff, accompanied with interrogatories requiring him to say whether the facts mentioned in the affidavit were true, and, if not, to state the facts as they occurred. Plaintiff objected to the filing of the answer, on the ground that the interrogatories were not properly propounded : *Held*, that the application to file the answer was correctly rejected, and that the court did not err in requiring the plaintiff to propound separate interrogatories as to the distinct facts, relative to which he intended to question the plaintiff.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. *Huston* and *Finney*, for the plaintiff.

*Cooley*, for the appellants.

Martin, J. The plaintiff alleges that he was employed as a clerk by the defendants for one year, at the rate of one thousand dollars; and he claims a balance of his wages still due.

The answer denies that the plaintiff was employed for any specific time, but according to a usage in New Orleans, under which he might have withdrawn himself whenever he pleased, and the defendants were at liberty to discharge him at any time. The defendants aver that, on the first of April, 1843, they discharged him, paying him his wages up to that time. They further answered that even had the plaintiff been employed as alleged by him, they were justified in dismissing him for his improper and disrespectful conduct towards one of the members

---

* The act of 28 February, 1837 (Acts of '37 p. 33), is, doubtless, the statute referred to.

Demarest v. Ledoux and others.

of the firm. The case was submitted to a jury, who found a verdict for the plaintiff, and the defendants, after an unsuccessful motion for a new trial, have appealed.

Our attention has been first drawn to a bill of exceptions taken to the opinion of the court, refusing leave to the defendants to file a supplemental answer, with an affidavit and interrogatories thereto annexed. The court expressed its opinion that this was not a formal mode of putting interrogatories, and that the counsel had an opportunity to conform to the directions of the court in putting interrogatories in a direct and formal manner, but made no application to do so.

The object of the supplemental answer was to introduce an affidavit of one of the members of the firm, stating minutely the circumstances attending the conduct of the plaintiff which gave rise to his dismissal, as stated in the original answer, and interrogatories required to be answered by the plaintiff, relative to the correctness of the statement in the affidavit.*

This is certainly an unusual mode of probing the conscience of the party, and calculated to introduce confusion and difficulty; and it does not appear to us that the court erred in requiring the applicant to dissect his affidavit, and state its particular parts in distinct interrogatories, instead of presenting them in a lump, and running into each other. A close examination of the testimony has left us under the impression, that nothing authorizes us to disturb the verdict.

*Judgment affirmed.*

---

*The plaintiff subjoined to the affidavit the following interrogatories:

1. Are not the facts stated in the affidavit hereto annexed true and correct?

2. If any of said facts, or any circumstance therein stated, is not true and correct, state the fact or the circumstance explicitly?